IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TRAVIS KING, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO.  5:11-CV-386 (MTT) |
| VS. | : | |
| | : | |
| CLAY TATUM, | : | |
| | : | Proceedings Under 28 U.S.C. §2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| | : | |

### RECOMMENDATION TO DISMISS

Respondent Warden Clay Tatum has filed a Motion to Dismiss the above-captioned petition alleging that it is unexhausted according to the provisions of 28 U.S.C. §2254(b) and (c). Doc. 10. Because it appears that Petitioner is presently pursuing state remedies with regard to the claims raised in the instant petition, it is **RECOMMENDED** that the petition be **DISMISSED**.

### FACTUAL AND PROCEDURAL HISTORY

On November 19, 2003, Petitioner was convicted by a jury in Upson County, Georgia for the offenses of armed robbery, aggravated assault, and two counts of possessing a sawed off shotgun during the commission of a crime. Doc. 11-1, p.53. Petitioner was sentenced to twenty years for armed robbery, a consecutive fifteen years for aggravated assault; and five years for each count of possessing of a sawed off shotgun during the commission of a crime to be served concurrently with one another and consecutively to the other sentences. Id. at p.52.

On December 17, 2003, through trial counsel Tamara Jacobs, Petitioner filed a motion for new trial. Doc. 11-1, p.47. Petitioner later retained appellate counsel Robert Shuman, who filed an amended motion for new trial on March 22, 2007, alleging ineffective assistance of trial

1

counsel.  Id. at p.14.  On September 14, 2007, Mr. Shuman requested a hearing on the amended motion for new trial.  Id. at p.32.  On November 7, 2007, the trial court set a hearing for November 30, 2007.  Id. at p.33.

On September 17, 2007, three days after Shuman's request for a hearing was filed, Petitioner filed a pro se amended motion for new trial.[1]  Id. at pp.19-31.  Soon thereafter, on October 3, 2007, Mr. Shuman filed a ten day notice of his intent to withdraw from the case.  Id. at pp.16-18.  Shuman cited Petitioner's complaint about him to the State Bar of Georgia, Petitioner's allegations of ineffective assistance of counsel, and the Petitioner's pro se amendments to the pending motion for new trial as reasons for his desire to withdraw.  Id.  On November 5, 2007, the trial court granted Mr. Shuman's request to withdraw.  Id. at p. 15.  At that time, at Shuman's request, the hearing on the motion for new trial was continued in order to allow Petitioner an opportunity to obtain another attorney.

On December 5, 2007, Petitioner filed a pro se motion to vacate and set aside judgment.  Doc.11-1, pp.6-9.  On May 12, 2008, Petitioner requested and was subsequently provided with a complete copy of his case file.  Doc.11-1, pp.1-5.

On June 30, 2008, Petitioner filed a state habeas corpus petition in the Superior Court of Tattnall County, Georgia alleging ineffective assistance of appellate counsel.  Doc.11-5, pp.1-7.  On or about September 24, 2008, Petitioner amended the petition by adding grounds of improper delay on the part of the trial court.  Doc. 11-6.

On December 17, 2008, the state habeas court conducted its first hearing on Petitioner's request for habeas relief.  Doc. 11-8.  There, Respondent's counsel noted Petitioner's pending

---

[1] Petitioners pro se amended motion for new trial was executed on September 12, 2007 but was not filed into the case until September 17, 2007.

2

motions in the trial court and gave the habeas court assurances that the district attorney and trial court had been notified and were soon going to arrange for the Petitioner to be afforded appointed counsel and a hearing.  Id.  Accepting these representations, the state habeas court held consideration of the petition in abeyance pending action from the trial court.  Id.

On August 17, 2011, Petitioner executed the instant federal petition for habeas relief.  Doc. 1.  Later, in an order dated December 5, 2011, the state habeas court scheduled a second hearing on the state petition to be held on December 14, 2011.  Doc. 11-9.  At that hearing, the state habeas court once again decided to hold the petition in abeyance pending action by the trial court.  Id.  On December 15, 2011, the Respondent filed the instant Motion to Dismiss.  Doc. 10.  On December 16, 2011, the trial court entered an order appointing counsel for Petitioner and setting a hearing on the motion for new trial for April 10, 2012.  Doc. 13-1.  To date, no additional information concerning the status of the state court's proceedings have been filed into the record of this case.

## LEGAL STANDARDS

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971) (citing Ex Parte Royall, 117 U.S. 241 (1886)).  This exhaustion requirement has been codified in 28 U.S.C. §§ 2254 (b) and (c) and reflects a policy of comity between state and federal court.  It is "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (quoting Fay v. Noia, 372 U.S. 391, 438 (1963)).  Moreover, the exhaustion requirement was designed to minimize friction between the state and federal courts.  "An exception is made only if

3

there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (emphasis added).

## DISCUSSION

Based upon the procedural history outlined above, it is clear that Petitioner has yet to exhaust his state remedies relating to the claims set forth in the instant petition. The Court has serious concerns about the delay in the state court's consideration and/or resolution of the Petitioner's attempts to secure state remedies. Nevertheless, because it appears that the state courts are now actively moving forward with Petitioner's motion for new trial and state petition for habeas corpus relief, this Court cannot conclude that "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(B)(i)-(ii). Accordingly, further consideration of the instant petition at this time would be premature.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

In this case, there has been no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146

L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the district court should deny a certificate of appealability in its final order.

Pursuant to § 2254 Rule 11(a): "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Recommendation.

Accordingly, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**, the instant § 2254 petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE,** and that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The Clerk is directed to serve Petitioner at the last address provided by him.

**SO RECOMMENDED**, this 14th day of June, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge